UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSTON PRIVATE BANK AND TRUST COMPANY, ) ) ) |  |
| Plaintiff, ) ) |  |
| v. ) ) | CIVIL ACTION NO: |
| SNAKE RIVER SPORTING CLUB ) DEVELOPMENT COMPANY, LLC; SNAKE ) RIVER SPORTING CLUB, INC.; GARY A. ) BARNEY, CHAPTER 7 TRUSTEE FOR ) ESTATES OF SNAKE RIVER SPORTING CLUB ) DEVELOPMENT COMPANY, LLC AND SNAKE) RIVER SPORTING CLUB, INC.; SRS CLUB, ) LLC; CYGNUS SRSC NOTES, LLC; CYGNUS ) CAPITAL, INC.; CYGNUS CAPITAL REAL ) ESTATE ADVISORS I, LLC; STEVE ) CAKEBREAD; JILL CAKEBREAD; JOHN G. ) MCDONALD; CHRISTOPHER M. STONE; ) NANCY A. STONE; SAMUEL B. ROSS; SUSAN ) B. ROSS; JAMES SCHMITZ; CAROLE NAKAI; ) CHRISTOPHER G. LEA; MERCER REYNOLDS, ) III; GABRIELLE B. REYNOLDS; NORMAN C. ) KLEINBERG; MARCIA S. KLEINBERG; ) LEONARD ZABAN, TRUSTEE; JENNIFER ) ZABAN; ANNE BURNETT; MARSHALL W. ) PARKE; VERONIQUE PARKE; LORI P. ) DURHAM; BRENTON GRADY DURHAM; ) RICHARD T. SANTULLI; MARGARET ) SANTULLI; KURT ZUCH; CELESTE ZUCH; ) ASHVIEW FARM LLC; LIAM L. THORNTON; ) FELICIA D. THORNTON; JOHN THOMAS; ) THOMAS B. LEWIS, JR.; MARTHA LEWIS; ) WILLIAM PARKER LEE; COLLEEN B. LEE; ) JOHN D. WHEELER; JAY M. KAPLAN AND ) DALE L. KAPLAN, TRUSTEES OF THE 1982 ) KAPLAN REVOCABLE TRUST; PAUL E. ) CLUSKEY; JILL CLUSKEY; ROBERT M. ) WOMSLEY; JEFFERY J. CZECH; DENIS D. ) EHRLE; SCOT G. MCCLONE; CAROLYN K. ) MCCLONE; WILLIAM VAN THOMPSON, JR.; ) |  |

| | |
|---|---|
| FIRST INTERSTATE BANK; RICHARD S. CHATHAM; DAVID C. SAUNDERS; JARED F. WAIT; YOUNGHEE WAIT; DONALD C. OPATRNY; KDS REAL ESTATE SERVICES, INC.; P. THOMAS HIRSCH; CYNTHIA S. HIRSCH; STEVEN G. PUCCINELLI; SABRINA G. MARIANI; JOHN MARION; WAYNE LYSTER; BRETT MCPEAK; MARK T. MICKELSON; KEITH STOLTZ; ROBERT ROCKEY; LESLIE ROCKEY; AND JOHN DOES. Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR INTERPLEADER

Boston Private Bank and Trust Company brings this statutory interpleader action pursuant to 28 U.S.C. §§ 1335; 1397 and 2361 against Defendant Snake River Sporting Club Development Company, LLC, Snake River Sporting Club, Inc., Gary A. Barney, Chapter 7 Trustee for Estates of Snake River Sporting Club Development Company, LLC and Snake River Sporting Club, Inc., SRS Club, LLC, Cygnus SRSC Notes, LLC, Cygnus Capital, Inc., Cygnus Capital Real Estate Advisors I, LLC, Steven Cakebread, Jill Cakebread, John G. McDonald, Christopher M. Stone, Nancy A. Stone, Samuel B. Ross, Susan Ross, James C. Schmitz, Carole Nakai, Christopher G. Lea, Mercer Reynolds, III, Gabrielle B. Reynolds, Norman C. Kleinberg, Marcia S. Kleinberg, Leonard Zaban, Jennifer Zaban, Anne Burnett, Marshall W. Parke, Veronique Parke, Lori P. Durham, Brenton Grady Durham, Richard T. Santulli, Margaret Santulli, Kurt Zuch, Celeste Zuch, Ashview Farm LLC, Liam L. Thornton, Felicia D. Thornton, John Thomas, Thomas B. Lewis, Jr., Martha Lewis, William Parker Lee, Colleen B. Lee, John D. Wheeler, Jay M. Kaplan and Dale L. Kaplan as Trustees of the 1982 Kaplan Revocable Trust, Paul E. Cluskey, Jill Cluskey, Robert B. Womsley, Jeffery J. Czech, Denise D. Ehrle, Scot G. McClone, Carolyn K. McClone, William Van Thompson, Jr., First Interstate Bank, Richard S. Chatham, David C. Saunders, Jared F. Wait, Younghee Wait, Donald C. Opatrny, KDS Real

Estate Services, Inc., P. Thomas Hirsch, Cynthia S. Hirsch, Steven G. Puccinelli, Sabrina G. Mariani, John Marion, Wayne Lyster, Brett McPeak, Mark T. Mickelson, Keith Stoltz, Margaret Stoltz, Robert Rockey, Leslie Rockey and John Does, who are unknown investors in a real estate project and sporting club known as the Snake River Sporting Club and the depositors of funds now being held by Boston Private Bank and Trust Company as "escrow agent."

## PARTIES

1. Boston Private Bank and Trust Company ("**Boston Private**") is a Massachusetts Trust Company with headquarters at Ten Post Office Square, Boston, Massachusetts 02109.

2. Upon information and belief, Defendant Snake River Sporting Club Development Company, LLC is a Delaware limited liability company with a principal place of business at 60 East Broadway, Jackson, Wyoming 83001 (the "**Developer**").

3. Upon information and belief, Defendant Snake River Sporting Club, Inc. is a Delaware corporation with a principal place of business at 60 East Broadway, Jackson, Wyoming 83001 (the "**Club**").

4. Upon information and belief, Defendant Dean Gary A. Barney is an individual with a principal residence at 250 Focht Road, Lander, WY 82520, and was appointed as the trustee in the Chapter 7 bankruptcy proceedings of the Developer (Case Number 09-20089 in the United States Bankruptcy Court for the District of Wyoming (Cheyenne) (the "**Bankruptcy Court**")) and the Club (Case Number 08-20636 in the Bankruptcy Court).

5. Upon information and belief, Defendant SRS Club, LLC (the "**New Developer**") is a Georgia limited liability company with a principal place of business at 50 Old Ivy Road, Suite 150, Atlanta, Georgia 30342.

6. Upon information and belief, Defendant Cygnus SRSC Notes, LLC ("**SRSC Notes LLC**") is a Georgia limited liability company with a principal place of business at 50 Old Ivy Road, Suite 150, Atlanta, Georgia 30342 and is an affiliate of the New Developer.

7. Upon information and belief, Defendant Cygnus Capital, Inc. ("**Cygnus Capital**") is a Tennessee corporation with a principal place of business at 50 Old Ivy Road, Suite 150, Atlanta, Georgia 30342 and is an affiliate of the New Developer.

8. Upon information and belief, Defendant Cygnus Capital Real Estate Advisors I, LLC ("**Cygnus Real Estate Advisors**") is a Georgia limited liability company with a principal place of business at 50 Old Ivy Road, Suite 150, Atlanta, Georgia 30342 and is an affiliate of the New Developer.

9. Upon information and belief, each other named Defendant is either a natural person or an entity having a principal residence or last known address as set forth on **Exhibit A** attached hereto that may have deposited funds with Boston Private as "Escrow Agent" for the Developer and the Club.

10. Upon information and belief, John Does are a number of unknown investors and depositors who may have deposited funds with Boston Private as "Escrow Agent" for the Developer and the Club.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action for interpleader pursuant to 28 U.S.C. § 1335.

12. This action relates to funds Boston Private is holding as Escrow Agent in an amount in excess of $500.00. Two or more adverse claimants of diverse citizenship are claiming to be, or may claim to be, entitled to the funds Boston Private is holding.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district, pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in this judicial district, and pursuant to 28 U.S.C. § 1391(d) because certain defendants are aliens and may be sued in any district.

14. Nationwide service of process in this action is authorized pursuant to 28 U.S.C. § 2361.

## FACTUAL BACKGROUND

15. Upon information and belief, the Developer and the Club were formed on or about 2005 in order to develop a sporting club and real estate project located on approximately 257 acres of land in Jackson Hole, Wyoming, including approximately sixty-eight (68) residential lots, with amenities including a golf course, club house and skiing facilities (the "**Project**").

16. While the Project was under development, the Developer and the Club offered lots and homes for sale as well as memberships in the Club.

17. Upon information and belief, the Developer and the Club agreed with certain purchasers of memberships in the Club (the "**Purchasers**") to hold the proceeds from such membership sales in escrow unless and until certain conditions were satisfied authorizing disbursement of such funds to the Developer and the Club or back to the Purchaser.

18. Upon information and belief, to facilitate the escrow terms with Purchasers, the Developer and the Club entered into certain agreements with Boston Private to act as Escrow Agent.

19. On or about March 21, 2005, the Developer, the Club and Boston Private entered into the Escrow Agreement for Membership Proceeds, with Boston Private as "Escrow Agent,"

pursuant to which the Developer and the Club agreed to deposit or cause to be deposited into escrow with Boston Private the proceeds received from the sale of "Regular Memberships" in the Club (the "**Original Escrow Agreement**").

20. On or about April 9, 2008, the Developer, the Club and Boston Private entered into that certain Amendment to Escrow Agreement for Membership Proceeds (the "**Amendment**"), amending certain terms of the Original Escrow Agreement (the Original Escrow Agreement, as amended by the Amendment, the "**Escrow Agreement**"). *See* **Exhibit B**, submitted herewith, for a copy of the Escrow Agreement.

21. Pursuant to the Escrow Agreement, Boston Private agreed to receive and hold the proceeds from the sale of Regular Memberships in escrow and disburse them in accordance with the terms of the Escrow Agreement. Specifically, pursuant to Section 3 of the Escrow Agreement, Boston Private was required to disburse funds to Developer or the Club, as the case may be, upon receipt of written notice from the Developer and the Club that "one or more of the Club Facilities described on Exhibit A [to the Escrow Agreement] have been substantially completed and are available for use by the Regular Members and/or one or more of the other conditions described on Exhibit A [to the Escrow Agreement] have been satisfied in all material respects."

22. From on or about February 2, 2006 through and including July 24, 2008, in accordance with the Escrow Agreement, Boston Private received deposits, both in the form of checks and wire transfers, and credited the same into an escrow account (the "**Escrow Account**"), and, upon direction of the Club, disbursed funds from the Escrow Account to the Club or its order. The latest activity in the Escrow Account occurred on or about July 24, 2008.

23. On October 20, 2008, the Club filed a voluntary Chapter 11 petition with the Bankruptcy Court (Case Number 08-20636) (the "**Club Bankruptcy**"), which proceeding was later converted into a Chapter 7 bankruptcy proceeding. The Club Bankruptcy was closed on February 7, 2011.

24. On February 13, 2009, the Developer filed a voluntary Chapter 7 petition with the Bankruptcy Court (Case Number 09-20089) (the "**Developer Bankruptcy**," and, together with the Club Bankruptcy, collectively referred to herein as the "**Bankruptcy Proceedings**"). The Developer Bankruptcy was closed on November 2, 2011.

25. Court filings in the Bankruptcy Proceedings referenced the Boston Private Escrow Account as holding funds of the members of the Club.

26. On or about June 11, 2013, representatives of Cygnus Real Estate Advisors contacted Boston Private indicating that the New Developer had succeeded to the rights of the Developer pursuant to the Escrow Agreement and that the New Developer intended to relaunch the Club in the fall of 2013.

27. Cygnus Real Estate Advisors communicated to Boston Private that Wells Fargo Bank, N.A. had foreclosed upon the rights of the Developer in the Project and that the New Developer had acquired such rights from Wells Fargo Bank, N.A., including the Developer's rights to any remaining funds in the Escrow Account.

28. Cygnus Real Estate Advisors provided Boston Private with documentation purporting to evidence the New Developer's succession to the Developer. Specifically, Cygnus Real Estate Advisors provided copies of the following documents (a) a Special Warranty Deed from Wells Fargo Bank, N.A. in favor of the New Developer conveying certain land in Wyoming, (b) an Assignment of Mortgage by Wells Fargo Bank, N.A. in favor of SRSC Notes

LLC conveying a mortgage that had been granted by the Club and (c) an Assignment of Declarant Rights and Waiver of First Right of Refusal by the Developer in favor of Cygnus Capital, assigning the assignor's rights pursuant to an Amended and Restated Master Declaration of Covenants, Conditions and Restrictions of the Snake River Sporting Club Community. *See* **Exhibit C** attached hereto for copies of the foregoing documents.

29.   Cygnus Real Estate Advisors communicated to Boston Private that the New Developer desired to "revive the Escrow Agreement as originally designed, i.e. as the club assets are completed, the escrowed member funds would be released."

30.   Cygnus Real Estate Advisors also communicated to Boston Private that it desired to modify the Escrow Agreement or enter into a new Escrow Agreement because certain of the conditions to release of the escrowed funds set forth in the Escrow Agreement could never be satisfied, given the New Developer's new plans for completion of the Project.

31.   Through counsel, Boston Private communicated to Cygnus Real Estate Advisors that there were uncertainties regarding the New Developer's succession to the rights of the Developer under the Escrow Agreement.

32.   On or about August 26, 2013, Cygnus Real Estate Advisors communicated to Boston Private, through its counsel, that if it were not possible for the New Developer to "step into the shoes" of the Developer's rights under the Escrow Agreement, its alternate proposal was for Boston Private to distribute to the New Developer so much of the funds in the Escrow Account as are attributable to members that desire to retain their membership in the Club and disburse the remainder of the funds in the Escrow Account to those members that do not desire to retain any membership in the Club.

33. Cygnus Real Estate Advisors communicated to Boston Private that it believed there were thirty-four (34) members that had deposited funds into the Escrow Account on account of membership interests in the Club and were entitled to a pro-rata interest in said funds. Specifically, Cygnus Real Estate Advisors communicated to Boston Private that twenty-seven (27) members had deposited $125,000, three (3) members had deposited $150,000, three (3) members had deposited $65,000 and one member had deposited $25,000.

34. Cygnus Real Estate Advisors communicated to Boston Private that the three (3) members that deposited $65,000 had deposited such sums in order to upgrade their respective "mountain memberships" at the club (which cost $60,000 each) to "charter memberships" (which cost $125,000 each) and that such members initial $60,000 membership fees were not deposited into the Escrow Account maintained by Boston Private.

35. Boston Private's records indicate that thirty-five (35) depositors, consisting of entities and individuals, some of whom had written checks drawn against what appear to be joint accounts of married couples, deposited different amounts into the Escrow Account such that the total amount of credits was $4,132,500. Specifically, Boston Private's records indicate the following credits to the Escrow Account: (a) twenty-seven (27) depositors each deposited $125,000; (b) three (3) depositors each deposited $150,000 total; (c) three (3) depositors each deposited $65,000; (d) one depositor deposited $25,000 and (e) one depositor deposited $125,000 but was later wired $37,500 from the Escrow Account, leaving a net credit for such depositor of $87,500. *See* **Exhibit D** attached hereto for a list of deposits to the Escrow Account.

36. Cygnus Real Estate Advisors has communicated to Boston Private that it contends that total deposits of $4,045,000 were made to the Escrow Account.

37. Boston Private's records also indicate various disbursements of funds from the Escrow Account to the Club and other parties.

38. As of the date hereof, serving in its capacity as Escrow Agent, Boston Private is holding remaining escrow funds in the Escrow Account in the aggregate amount of $1,012,500.

39. On or about September 25, 2013, Cygnus Real Estate Advisors communicated to Boston Private, through its counsel, that it desired to "reach out to the old regular members" with a letter proposing to offer to each such member a four year membership in the Club in exchange for such member's share of the funds on deposit in the Escrow Account.

40. On or about October 2, 2013, Cygnus Real Estate Advisors communicated to Boston Private that for members that did not wish to accept the four-year membership, it proposed to credit cash to each depositor that deposited funds in the Escrow Account in an amount equal to such depositor's pro rata share of the total amount remaining in the Escrow Account, less expenses, such pro rata share to be determined based upon the ratio of the amount of such depositor's net deposits to the Escrow Account to the total amount of net deposits to the Escrow Account.

41. Pursuant to the Section 7 of the Escrow Agreement, Boston Private, as Escrow Agent, is afforded the discretion to file an interpleader action if (a) there is any disagreement with the Developer or the Club about the interpretation of the Escrow Agreement or the rights and obligations of the parties thereunder or propriety of any action contemplated by Boston Private thereunder or (b) the Escrow Agent receives any conflicting demands or claims regarding any moneys, instruments or documents delivered to the Escrow Agent.

42. Through counsel, Boston Private communicated to Cygnus Real Estate Advisors that, given the uncertainties regarding (a) the New Developer's succession to the rights of the

Developer, and (b) the identity of the individuals and entities that might have an interest in the escrowed funds and (c) the amounts to which such individuals and entities might be entitled, Boston Private intended to file an interpleader action and deposit the escrow funds in this Court.

43. Based on the forgoing events, the language of the Escrow Agreement, and the existence of conflicting claims, or potentially conflicting claims, regarding ownership of, and the rights to receive, the escrow funds, Plaintiff Boston Private is in great doubt as to which Defendants are entitled to receive the escrow funds and which amounts are due to such Defendants.

## COUNT I: INTERPLEADER

44. Plaintiff Boston Private restates and reasserts the allegations of paragraphs 1 through 43 of this Complaint for Interpleader as if set forth fully herein.

45. Plaintiff Boston Private has no interest in or claim to any sum deposited in the accounts or in the claims of any of the above potential claimants.

46. Under the provisions of 28 U.S.C. § 1335(a), Boston Private is entitled to join all claimants to the accounts to a single action and to require each to seek a judicial determination as to lawful ownership of the disputed funds so as to avoid the possibility of multiple litigation and inconsistent liability.

47. Boston Private has requested authorization to deposit all sums into the registry of the Court and, upon approval of that request and subsequent depositing of the funds, should be discharged from any further participation in this proceeding other than as the recipient of a judgment barring and enjoining any further claims against Boston Private as to the sums in the accounts in question.

48. Boston Private has incurred costs, expenses, and reasonable attorneys' fees in attempting to negotiate a solution with the New Developer and in bringing this action in the approximate amount of $15,000.00 and anticipates incurring additional costs, expenses and attorneys' fees to bring this matter to conclusion.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Boston Private requests the following relief:

A. That this Court relieve, release and discharge Plaintiff from any further liability or claim that has been, or in the future may be, made concerning the Escrow Account or the ownership of any funds deposited in the Escrow Account;

B. That this Court determine which of the Defendants, if any, is entitled to the funds on deposit in the Escrow Account, and the amount to which each such Defendant is entitled;

C. That this Court enjoin each Defendant from commencing or further prosecuting any action against Plaintiff based upon the Escrow Account, or the ownership of any of the funds in the Escrow Account;

D. That Plaintiff recover its costs, expenses and attorneys' fees in this action; and

E. That Plaintiff be afforded such other and further relief this Court deems just and proper under the circumstances.

        BOSTON PRIVATE BANK AND TRUST CO.,

        By its attorneys,

        <u>Michael J. Duffy /s/</u>
        James C. Fox (BBO #548664)
        Michael J. Duffy (BBO #652621)
        RUBERTO, ISRAEL & WEINER, P.C.
        255 State Street, 7th Floor
        Boston, Massachusetts 02109
        (617) 742-4200    Telephone
        (617) 742-2355    Facsimile
        jcf@riw.com
        mjd@riw.com

Dated:  November 27, 2013